themselves. If it is necessary to determine this question now, I should say no evidence was given authorizing a verdict for the counterclaim. All concur.

KRUSE, J. (concurring). I agree to the reversal of the judgment and order; but I think the question of the quantity as well as the quality of the gas is involved. The defendant would necessarily get more gas, as it seems to me, when it was compressed and measured at a pressure of eight ounces, than if there was no pressure at all. In determining the amount of gas supplied, the difference between the actual pressure and that at which it was to be furnished should be taken into account, as well as the quality, if its quality was in fact affected by the low pressure.

I do not think it necessarily follows, however, from the lack in quality or compression of the gas, that the plaintiff is entitled to recover nothing.

---

### LUST v. SYRACUSE RAPID TRANSIT RY. CO.

(Supreme Court, Appellate Division, Fourth Department. January 11, 1911.)

STREET RAILROADS (§ 114*)—COLLISION WITH ANIMALS OR VEHICLE—LIABILITY IN QUESTION.

> In an action to recover for damages to furniture caused by a collision between a street car and plaintiff's vehicle, evidence *held* insufficient to sustain a verdict for the plaintiff.
>
> [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 243–246; Dec. Dig. § 114.*]

Appeal from Onondaga County Court.

Action by Fred Lust against the Syracuse Rapid Transit Railway Company. From a judgment for the plaintiff upon the verdict of a jury, defendant appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Gannon, Spencer & Mitchell, for appellant.
Stewart F. Hancock, for respondent.

WILLIAMS, J. The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide event.

The action was for negligence, causing injury to plaintiff's personal property. I do not think the case was one where the jury should have charged the defendant with negligence. It was an accident, for which neither party was responsible. The plaintiff was driving along North Salina and Wolf streets, in Syracuse, with a load of furniture upon an ordinary farm wagon, with a hay rack, and had a pair of horses. When he turned from Salina into Wolf street, he saw one of defendant's street cars coming behind him and going in the same direction he was. He was driving on the right-hand side of the street. When a few rods up Wolf street he drove as close to the curb as he could, and stopped, to allow the car to go by. It was close work for

the car to pass his load without striking it. He could have turned across to the left of the track and had plenty of room, or he could have continued up the street to the next corner before stopping for the car to pass. He evidently supposed there was room to pass where he did stop. The car came up close to the wagon and stopped, and the conductor and motorman looked and apparently concurred with the plaintiff that there was room to pass. The car was started, and went partially by, and then a chair which overlapped the hay rack caught a handle on the side of the car, and before the car could be stopped the damage to the furniture was done. If this were the whole account of the accident, I do not see how the defendant could be charged with negligence. It was at most an error in judgment upon both sides. The plaintiff by his conduct invited the car to pass by, believing it could do so safely; and the conductor and motorman, in the same belief, accepted the invitation and attempted to go by.

But there is an additional fact, sworn to by several witnesses and undisputed by any one, that after the car started to pass the team, and had gone partially by, the team moved the wagon towards the car, and this was the cause of the collision. If this be true, the defendant certainly could not be charged with negligence. When the car started to pass, it was assumed the team and wagon would remain still until the car had gone by. The team, and not the parties, any of them, was responsible for the injury to the furniture. But the plaintiff should have sought a place of safety before stopping to allow the car to go by. He could easily have done so in either of the two ways heretofore suggested. Having failed to do so he should not attempt to throw the whole burden of the accident upon the defendant. I do not intend to suggest that the car had a right to force its way by the team. It was not doing so, but using care, and the only possible suggestion on plaintiff's behalf is that there was an error in judgment on the part of the motorman and conductor.

This verdict is not a large one, and it may be suggested that the judgment and order had better be affirmed, and the litigation thus ended. Considerable costs have been added to the verdict, and the amount involved now is not so small, for the loss really suffered by the plaintiff. All concur.